

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-0459-CR
_____

JUAN PABLO RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 21st District Court
Bastrop County, Texas
Trial Court No. 13763, Honorable Christopher D. Duggan, Presiding

April 4, 2013

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of guilty to two counts of online solicitation of a minor,[1] on October 8, 2009, Appellant, Juan Pablo Ramos, was granted deferred adjudication and placed on community supervision for ten years. On April 20, 2012, the State filed a *Motion to Adjudicate* alleging multiple violations by Appellant of his conditions of community supervision. At the hearing on the State's motion, Appellant entered pleas

---

[1]TEX. PENAL CODE ANN. § 33.021 (WEST 2011).

of true to two of the allegations and not true to four of the allegations.[2]   After hearing testimony from Appellant's community supervision officer and based on Appellant's pleas of true, the trial court adjudicated him guilty of both counts of the original offense and sentenced him to eight years confinement.[3]   In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw.  We grant counsel's motion to withdraw and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[5]   By letter, this Court granted Appellant an

---

[2]One of the allegations was that Appellant failed to abstain from use of alcohol on or about January 27, 2011, and on or about April 4, 2012.  He entered a plea of true to the first date, but pled not true to the second date.  So as to that allegation, his plea is true, in part and not true, in part.

[3]The special findings portion of both judgments provides, "Court waives all fines, fees, costs and monies owed."

[4]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[5]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with

opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel does not raise any arguable issues to present to this Court but candidly concedes that a finding of a single violation of the conditions of community supervision is sufficient to support revocation. Additionally, Appellant's plea of true to two of the allegations, standing alone, suffices to support the revocation order.

We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (WEST SUPP. 2012). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling.

notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

3

*Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

We have independently examined the entire record to determine whether there are any arguable issues which might support reversal of Appellant's conviction. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.